UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-010-DCR-1 |
| | ) | |
| V. | ) | |
| | ) | |
| JE'VON BYRD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Je'Von Byrd has moved for an order directing the United States to provide a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. [Record No. 67] The motion was referred to United States Magistrate Judge Matthew A. Stinnett for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Stinnett issued his report on July 11, 2022, recommending that the Court deny the motion. [Record No. 83, p. 1] The Court has conducted a *de novo* review of the matter and agrees with the magistrate judge's assessment. Accordingly, Byrd's motion will be denied.

Byrd was arrested in this matter on April 7, 2021, as the result of a controlled purchase operation undertaken by the Lexington Police Department.[1] [Record No. 1] A federal grand jury returned an indictment against Byrd on February 17, 2022. [*Id.*] Thereafter, a superseding indictment was filed on May 5, 2022, and a second superseding indictment followed on June 2, 2022. [Record No. 41; Record No. 60] The second superseding indictment charges Byrd

---

[1]     The details regarding Byrd's arrest are described in full in the Court's Memorandum Opinion and Order denying his motion to suppress. [*See* Record No. 49, p. 2–5.]

- 1 -

with one count of conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of fluorofentanyl, one count of possessing with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of fluorofentanyl, one count of possessing a firearm in furtherance of a drug trafficking crime, and one count of possessing a firearm as a prohibited person (i.e., after being convicted of a felon offense).  [Record No. 60, p. 1–3]

Byrd's present motion focuses on the conspiracy charge.  [Record No. 67, p. 1]  He seeks: (i) the "date of the earliest statement and/or event upon which the prosecution will rely to prove" the conspiracy's existence; (ii) the "nature of any and all statements and/or events . . . upon which the prosecution intends to rely to prove" the conspiracy's existence; (iii) the "date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when each defendant joined" the conspiracy; and (iv) the "date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when Je'Von Byrd joined" the conspiracy.  [*Id.*]

Rule 7(f) of the Federal Rules of Criminal Procedure provides that district courts "may direct the government to file a bill of particulars . . . subject to such conditions as justice requires."  Fed. R. Crim. P. 7(f).  The purpose of such a bill is to assist a defendant in obtaining "the information needed to prepare a defense and to preclude a second prosecution for the same crimes."  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).  However, a bill of particulars is not "meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."  *Id.*

In resolving this motion the Court must consider "whether providing [the requested] details is necessary to the preparation of the defense and avoidance of judicial surprise."

*United States v. Musik*, 291 F. App'x 706, 724 (6th Cir. 2008); *see also United States v. Barreto-Rivera*, No. CRIM 06–117, 2006 WL 2464164, at *4 (D. P.R. July 10, 2006) (A bill of particulars need only be granted "if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise, or hampered in seeking the shelter of the Double Jeopardy Clause."). An indictment passes muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). In the context of an alleged 21 U.S.C. § 846 drug conspiracy—as here—federal courts generally sustain indictments that track the language of the statute and "do little more than state time and place in approximate terms." *United States v. Dames*, 386 F. Supp. 2d 523, 524 (S.D.N.Y. 2005).

Byrd argues that the information he seeks is "absolutely necessary to permit [him] to adequately prepare a defense to the conspiracy alleged in Count One." [Record No. 67-1, p. 2] He notes that the indictment "fails to state any of the alleged overt acts necessary to support the government's charge that a conspiracy existed and that Je'Von Byrd was involved in it." [*Id.*] However, as Magistrate Judge Stinnett concluded, the indictment adequately informs Byrd of the charge against him and that the additional information he seeks is not necessary for preparation of his defense. [Record No. 83, p. 2–3] After review, the Court agrees with these conclusions.

An indictment under 21 U.S.C. § 846 is sufficient if "it alleges 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, *even if it fails to allege any specific act in furtherance of the conspiracy*.'" *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982) (emphasis added) (quoting *United*

- 3 -

*States v. Bermudez*, 526 F.2d 89, 94 (2nd Cir. 1975)). Here, the second superseding indictment meets these requirements. [*See* Record No. 60.] It alleges that there was a conspiracy to distribute Schedule I and Schedule II controlled substances (namely fentanyl, fluorofentanyl, methamphetamine and cocaine), identifies several members of the alleged conspiracy, and lists the amount of substances directly attributable to Byrd ("100 grams or more of a mixture . . . containing a detectable amount of fluorofentanyl"). [*Id.*, p. 1–2] It also indicates the time during which the alleged conspiracy was operative. [*Id.*, p. 1 ("Beginning in or about January 2021, the exact date unknown, and the continuing through in or about May 2022, the exact date unknown.")] And finally, it provides the statute allegedly violated. [*Id.* ("[I]n violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.")] Nothing more is required.

And while Byrd challenges the indictment's failure to "state any of the alleged overt acts necessary to support the government's charge," again, the magistrate judge correctly noted that such proof is not required. [Record No. 67-1, p. 2; Record No. 83, p. 3–4] An alleged drug conspiracy under 21 U.S.C. § 846 is an inchoate offense, and its elements do not include any overt act. *See United States v. Shabani*, 513 U.S. 10, 15 (1994) ("In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy."). Therefore, the failure to allege any overt acts in the indictment is immaterial.

The remainder of the information requested by Byrd is neither necessary to prepare a defense nor to avoid prejudicial surprise. *See Musik*, 291 F. App'x at 724. His request for the date and nature of "any and all statements and/or events" upon which the prosecution will rely is "tantamount to a request for 'wholesale discovery of the Government's evidence.'" *United States v. Cheatham*, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) (quoting *United States v.*

*Armocida*, 515 F.2d 49, 54 (3d Cir. 1975)).  Such a request for the factual details of the United States' expected proof clearly exceeds the proper bounds of a bill of particulars.  *United States v. Reid*, No. 07-110, 2008 WL 11414538, at *2 (E.D. Ky. Feb. 26, 2008); *see also Musick*, 291 F. App'x at 724 ("A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial.")  Further, despite Byrd's request, a defendant may not use a bill of particulars to determine the exact date of his entry into a conspiracy.  *Cheatham*, 500 F. Supp. 2d at 533 (citing *United States v. DiCesare*, 765 F.2d 890, 897–98 (9th Cir. 1985)).

Regarding prejudicial surprise, Byrd cannot seriously suggest that without this information he is unable to discern the kind of proof that the United States will use against him.  The record reveals several instances where the government has presented both testimony and exhibits detailing the allegations against Byrd, including at contested detention and suppression hearings.  [*See* Record Nos. 15, 21, 31, 35, 49.]  Additionally, the United States has already produced to Byrd a substantial amount of discovery, including "case reports, search warrants, police body worn camera video, jail call evidence, lab reports, digital forensic examination reports, and cellular Cellebrite reports." [Record No. 77, p. 2–3]

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.     United States Magistrate Judge Stinnett's Report and Recommendation [Record No. 83] is **ADOPTED IN FULL** and **INCORPORATED** here by reference.

2.     Defendant Je'Von Byrd's motion for a bill of particulars [Record No. 67] is **DENIED**.

Dated: July 28, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky